**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

ANDREW N. COX, :
    Plaintiff, :
     :
v. : CIVIL ACTION NO.
     : 2:09-CV-0031-RWS
UNITED STATES MARSHALL :
SERVICES; et al., :
    Defendants. :

## **ORDER AND OPINION**

Plaintiff, Andrew N. Cox, presently confined at the Hall County Detention Center in Gainesville, Georgia, has been granted leave to proceed in forma pauperis in the instant pro se civil rights action. The matter is now before this Court for a 28 U.S.C. § 1915A frivolity screening.

## **The 28 U.S.C. § 1915A Standard of Review**

A federal court is required to conduct an initial screening of a prisoner complaint against a governmental entity, employee, or official to determine whether the action: (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) & (2). A claim is frivolous when it appears from the face of the complaint that the plaintiff "has little or no chance of success," i.e., "the factual

allegations are clearly baseless," "the legal theories are indisputably meritless," or immunity bars relief. Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (internal quotations omitted). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, _, 127 S. Ct. 1955, 1964-65 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and complaint "must contain something more . . . than . . . statement of facts that merely creates a suspicion [of] a legally cognizable right of action").

In reviewing whether a plaintiff has stated a claim, the court presumes the truth of a plaintiff's non-frivolous factual allegations, construing them favorably to the plaintiff. See Hunnings v. Texaco, Inc., 29 F.3d 1480, 1484 (11th Cir. 1994). Further, the court holds pro se pleadings to a less stringent standard than pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). The plaintiff, however, must allege facts sufficient to show a recognized legal claim, and the court cannot read into a complaint non-alleged facts. Beck v. Interstate Brands Corp., 953 F.2d 1275, 1276 (11th Cir. 1992). See also Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1187-

2

88 (11th Cir. 2002) (stating that "conclusory allegations, unwarranted deductions of facts[,] or legal conclusions masquerading as facts will not prevent dismissal").

The Clerk of Court has docketed the instant action as one arising under 42 U.S.C. § 1983. However, as set forth below, Plaintiff seeks to sue both state and federal defendants. Plaintiff's complaint, therefore, is properly brought pursuant to both § 1983 and Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). In order to state a claim for relief under § 1983 against state officials, a plaintiff must allege that an act or omission (1) deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States and (2) was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Likewise, to state a claim for relief under Bivens against federal officials, a plaintiff must establish two elements: (1) that he suffered a deprivation of a federal right secured by the Constitution or a federal statute; and (2) the individual committing the act or omission causing the deprivation acted under color of law. Wideman v. Shallowford Community Hosp., Inc., 826 F.2d 1030, 1032 (11th Cir. 1987).

AO 72A
(Rev.8/82)

Plaintiff has filed the instant action against the United States Marshals Service[1] and the Hall County Detention Center. Plaintiff claims that Defendants have acted with deliberate indifference to his serious medical needs. Plaintiff seeks equitable relief as well a refund of all monies taken from his inmate account.

At the outset, this Court first concludes that the Hall County Detention Center is not a legal entity capable of being sued. See Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992) (holding that "[s]heriff's departments and police departments are not usually considered legal entities subject to suit"); Williams v. Chatham County Sheriff's Complex, No. CV407-068, 2007 WL 2345243 at *1 (S.D. Ga. Aug. 14, 2007) (recognizing that "[t]he county jail . . . has no independent legal identity and therefore is not an entity that is subject to suit under § 1983"). Accordingly, the Hall County Detention Center is dismissed from the instant action.

The Eighth Amendment prohibits deliberate indifference to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 103-04 (1976). To show deliberate indifference to a serious medical need, a plaintiff must show (1) "an objectively serious medical need" and (2) the defendant's subjective knowledge of, and more than negligent

---

[1]Plaintiff has listed the "United States Marshall Services" as the party defendant. However, the proper name for this governmental entity is the "United States Marshals Service."

4

disregard of, that need. See Farrow v. West, 320 F.3d 1235, 1245-46 (11th Cir. 2003). Thus, allegations of negligence or malpractice do not state a constitutional violation that is cognizable under § 1983. McElligott v. Foley, 182 F.3d 1248, 1254 (11th Cir. 1999). As long as the medical treatment provided is "minimally adequate," a prisoner's preference for a different treatment does not give rise to a Constitutional violation. See Harris v. Thigpen, 941 F.2d 1495, 1504-05 (11th Cir. 1991).

"[A]n official acts with deliberate indifference when he intentionally delays providing an inmate with access to medical treatment, knowing that the inmate has a life-threatening condition or an urgent medical condition that would be exacerbated by delay." Lancaster v. Monroe County, Ala., 116 F.3d 1419, 1425 (11th Cir. 1997). Deliberate indifference may be shown by refusal to provide medical care, deliberate delay in treating a serious medical condition, administering "grossly inadequate care," or "medical care which is so cursory as to amount to no treatment at all." McElligott, 182 F.3d at 1255 (citations omitted).

In this case, Plaintiff alleges that prison officials and a United States Marshal identified as "Kevin" have failed to provide medical care in response to his medical requests regarding an abscessed tooth. Plaintiff further alleges that, in connection with his abscessed tooth, he currently suffers from extreme pain, swollen lymph nodes,

5

blisters in his mouth, and a buzzing in his ears. In light of these allegations, and in deference to Plaintiff's pro se status, this Court cannot find that Plaintiff's deliberate indifference claim is "clearly baseless" or "meritless." Carroll, 984 F.2d at 393.

## **Conclusion**

For the forgoing reasons, **IT IS ORDERED** that the Hall County Detention Center is **DISMISSED** as a party to this action.

In light of the facts presented and in deference to his pro se status, **IT IS FURTHER ORDERED** that Plaintiff's deliberate indifference claim is **ALLOWED** to **PROCEED** against the United States Marshals Service.[2]

Because the United States Marshals Service is a federal governmental entity, the Clerk is hereby **DIRECTED** to send Plaintiff a USM 285 form, summons, and initial disclosures form for the following parties: (1) the United States Attorney for the Northern District of Georgia and (2) the United States Attorney General. Plaintiff is **DIRECTED** to complete the USM 285 form, summons, and initial disclosures form

---

[2]Because this Court has determined that Plaintiff's deliberate indifference claim is not altogether meritless, Plaintiff may later seek permission from the Court to add additional defendants to this action if necessary. See, Berndt v. State of Tenn., 796 F.2d 879, 881 (6th Cir. 1986) (remanding for amendment when "the complaint, in substance, clearly indicated that the [unnamed] staff and authorities [rather than the official body named as defendant] are the real parties-defendants" in spite of plaintiff's failure to request leave to amend).

for the aforementioned party and to return them to the Clerk of Court within twenty (20) days of the entry date of this Order. Plaintiff is warned that failure to comply in a timely manner could result in the dismissal of this civil action. The Clerk is **DIRECTED** to resubmit this action to the undersigned if Plaintiff fails to comply.

Upon receipt of the forms, the Clerk is **DIRECTED** to prepare and transmit to the United States Marshals Service two service packages for service upon the United States,[3] as set forth in Fed. R. Civ. P. 4(i)(1).[4] Each service package must include the USM 285 form, the summons, and one (1) copy of the complaint. Upon receipt of the service packages, the U.S. Marshals Service is **DIRECTED** to serve the United States, as set forth in Fed. R. Civ. P. 4(i)(1). Each completed USM 285 form shall be filed with the Clerk.

Plaintiff is **DIRECTED** to serve upon Defendant or Defendant's counsel a copy of every additional pleading or other document which is filed with the Clerk of the

---

[3] A service waiver package is not appropriate in this case because Defendant is a governmental entity. See Fed. R. Civ. P. 4(d)(2) (specifying the types of defendants covered by the service-waiver provisions).

[4] Fed. R. Civ. P. 4(i)(1) directs that service on the United States is effected (A) "by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought" and (B) "by also sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia."

7

Court. Each pleading or other document filed with the Clerk shall include a certificate stating the date on which an accurate copy of that paper was mailed to Defendant or Defendant's counsel. This Court shall disregard any submitted papers which have not been properly filed with the Clerk or which do not include a certificate of service.

Plaintiff is also **REQUIRED** to **KEEP** the Court and Defendant advised of his current address at all times during the pendency of this action. Plaintiff is admonished that the failure to do so may result in the dismissal of this action.

**IT IS SO ORDERED**, this  9th  day of April, 2009.

_____
**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)